UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAROLYN PREUNINGER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 2:14-cv-00146-LJM-DKL |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Carolyn Preuninger ("Preuninger") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On September 6, 2006, Preuninger was charged in a multi-defendant two-count Indictment with one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-narcotic Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One).

On April 24, 2006, pursuant to a written Plea Agreement, Preuninger filed a Petition to Enter a Plea of Guilty with respect to Count One of the Indictment which charged her

1

with conspiracy to distribute methamphetamine. A hearing was conducted on Preuninger's decision to enter a guilty plea to the offense and, pursuant to that hearing, the Court determined that Preuninger's plea of guilty was knowingly and voluntarily entered and that an independent basis in fact was established to support the plea. The Court then adjudged Preuninger guilty as charged in Count One of the Indictment.

On August 23, 2007, a sentencing hearing was held. The Court determined Preuninger's total offense level to be 37 (before departures), with a sentencing guidelines range of 210 to 262 months' imprisonment. Pursuant to the Plea Agreement, the government filed a motion for substantial assistance pursuant to § 5K1.1 which lowered Preuninger's total offense level by three levels. The Court subsequently sentenced Preuninger to 135 months' imprisonment, a sentence substantially below the advisory guideline range. Preuninger was also ordered to serve three years' supervised release and to pay the mandatory assessment of $100. The judgment of conviction was entered on September 10, 2007.

Preuninger did not appeal her conviction or sentence. On May 22, 2014, Preuninger filed a motion to vacate her sentence under 28 U.S.C. § 2255.[1]

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner challenges her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence

---

[1] On August 18, 2015, Preuninger's sentence was reduced to 108 months pursuant to 18 U.S.C. § 3582(c)(2) because her sentencing range was lowered and made retroactive by the United States Sentencing Commission and because of the factors set forth in 18 U.S.C. § 3553. This sentence reduction does not affect the argument of actual innocence set forth in the § 2255 motion.

2

pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

The United States argues that this action should be dismissed because Preuninger's § 2255 motion is barred by the statute of limitations. Preuninger argues that because she claims she is actually innocent she is entitled to the miscarriage of justice exception to the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from the date on which the judgment of conviction becomes final. *Clay v. United States*, 537 U.S. 522, 532 (2003). Preuninger did not appeal her conviction or her sentence, thus her conviction became final September 24, 2007. *Clay v. United States*, 537 U.S. 522, 532 (2003); 28 U.S.C. § 2255(f)(1). The last day on which Preuninger could have filed a timely § 2255 motion was September 24, 2008. Preuninger's motion is untimely by seven years.

In reply, Preuninger admits that she is not entitled to equitable tolling. Instead she argues that the statute of limitations should be overlooked in the interest of justice because she is actually innocent. In support she references *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013). In *McQuiggin,* the Supreme Court held that actual innocence, if

3

proved, is a gateway through which a petitioner may circumvent the statute of limitations. *Id.* at 1928. The Supreme Court cautioned, however,

> that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

*Id.* (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (1995)). *See also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Thus, this actual-innocence gateway (sometimes referred to as the miscarriage of justice exception) requires the petitioner to present new evidence which shows that it is more likely than not that no reasonable juror would have convicted the petitioner. *McQuiggen,* 133 S.Ct. at 1933 ("the District Court's appraisal of [the] petition as insufficient to meet *Schlup's* actual-innocence standard should be dispositive" on remand).

The first issue, then is to consider the "new evidence." But in this case, Preuninger's claim that she is actually innocent of any conspiracy to commit any crime in the Southern District of Indiana is not based on any new evidence. Instead, her claim is based on her current attorneys' "new" advice that she is innocent. See dkt. 6 at p. 5. She explains, "Ms. Preuninger would never have known of the error but for contacting this firm to review her case for any relief that might be possible. Ms. Preuninger had no reason to think she needed to further investigate her case when two lawyers advised her that she was guilty." *Id.* This argument must be rejected because advice is not new evidence.

Under these circumstances, Preuninger has failed to show that new evidence supports a credible claim for actual innocence. The actual-innocence gateway described in *McQuiggin* is not available to Preuninger. Her section 2255 motion is untimely and

4

subject to dismissal on this basis.

*Conclusion*

For the reasons explained above, Preuninger is not entitled to relief in this action. Accordingly, her motion for relief pursuant to § 2255 is **denied,** and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**A copy of this Entry shall be entered in the underlying criminal action, Case No 2:06-cr-00014-LJM-CMM-8.**

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Preuninger has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date:  March 3, 2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel